# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PIKE DOYLE, SR.,<br><br>Plaintiff,<br><br>v.<br><br>MADERA SUPERIOR COURT, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:19-cv-01488-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND OBEY THE COURT'S ORDERS**<br><br>**(Docs. 2, 3)**<br><br>**OBJECTIONS DUE: 14 DAYS** |

On October 21, 2019, Plaintiff, proceeding *pro se*, filed a complaint against Defendants, but failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. (*See* Doc. 1.) The Court entered an order on October 23, 2019, directing Plaintiff to either pay the filing fee or file a motion to proceed *in forma pauperis* within 30 days of the date of service of the order. (Doc. 2.) That order also warned Plaintiff that "[f]ailure to comply . . . will result in a recommendation that this action be dismissed." (*Id.*) Plaintiff failed to comply with the October 23, 2019, order by the deadline and has not complied with the order to date.

On December 2, 2019, the Court entered an order to show cause directing Plaintiff to show cause why the case should not be dismissed for his failure to comply with the October 23, 2019,

order. (Doc. 3.) The Court also warned Plaintiff that if he did not respond to the order to show cause, the Court would "recommend to the presiding district court judge that this action be dismissed, in its entirety." (*Id.* at 2.) Plaintiff failed to respond to the order to show cause by the deadline and has not filed a response to date.[1]

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules); *Lopez v. Chase Home Fin.*, No. CVF09-0449 LJOGSA, 2009 WL 1098760, at *1 (E.D. Cal. Apr. 20, 2009) (dismissal of certain defendants for failure to comply with court).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

---

[1] The Clerk mailed the December 2, 2019 order to Plaintiff, but the order was returned as undeliverable on January 10, 2020. (*See* Docket.) On January 8, 2020, Plaintiff filed a notice of change of address, and the Clerk updated his address on the docket to "AZ-7224, North Kern State Prison (5004), P.O. Box 5004, Delano, CA 93216-9022." (*See* Doc. 5.) On January 13, 2020, the Clerk re-served Plaintiff with the order to show cause at his new address, (*see* Docket), and the deadline to comply with the order has now passed.

2

1  and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423–24; *see also Ferdik*, 963 F.2d at 1260–61; *Thompson*, 782 F.2d at 831. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as it appears Plaintiff lacks interest in pursuing this case. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that the failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

The October 23, 2019, order warned Plaintiff that "[f]ailure to comply . . . will result in a recommendation that this action be dismissed." (Doc. 2.) The December 2, 2019, order to show cause warned Plaintiff that if he did not respond to the order to show cause, the Court would "recommend to the presiding district court judge that this action be dismissed, in its entirety." (Doc. 3 at 2.) Thus, Plaintiff had adequate warning that sanctions, up to and including dismissal of the case, would result from his noncompliance with the order to show cause. Plaintiff has shown a lack of concern for the Court's orders and a complete lack of interest in prosecuting the case.

In light of the foregoing, and pursuant to Local Rule 110 and the Court's inherent sanction authority, the undersigned RECOMMENDS that this case be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE based on Plaintiff's failure to obey the Court's orders of October 23, 2019, (Doc. 2), and December 2, 2019, (Doc. 3), and Plaintiff's failure to prosecute the case.

The Court further DIRECTS the Clerk to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 4, 2020**          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE